November 3, 2008

Mr. Robert Scott
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0678

Re: Whether Spring Branch Independent School District's pre-kindergarten programs run in collaboration with a Head Start agency are exempt from licensing requirements for child-care facilities (RQ-0709-GA)

Dear Commissioner Scott:

On behalf of the Spring Branch Independent School District (the "District"), you ask us to opine about "the implementation of certain administrative rules of the Department of Family and Protective Services, as applied to certain pre-[k]indergarten classes and associated activities of the district."[1] In its letter to you, which you attached to your request, counsel for the District states that it "is in a dispute with the local office of the Texas Department of Family and Protective Services [the "Department"] regarding District pre-kindergarten educational classrooms and childcare licensing requirements."[2] The District thus "seeks an opinion . . . confirming that the childcare licensing requirements do not apply to the pre-kindergarten educational classrooms of the District." District Letter, *supra* note 2, at 1. You expressly limit your question to the implementation of "certain administrative rules," and the District's letter focuses solely on a Department rule codified as section 745.119(1), title 40 of the Texas Administrative Code. Request Letter, *supra* note 1, at 1. The District's letter also cites certain statements made in the Department's Licensing Policy Handbook. *See* District Letter, *supra* note 2, at 2. We limit our response to the question asked. We discuss statutes only to provide a context for the adoption of the Department's rule.

Human Resources Code section 42.041(a) prohibits any person from operating a child-care facility "without a license issued by the [D]epartment." TEX. HUM. RES. CODE ANN. § 42.041(a) (Vernon Supp. 2008); *see also id.* § 40.001(3) (defining "department" to mean "the Department of

---

[1]Letter from Robert Scott, Commissioner of Education, Texas Education Agency, to Honorable Greg Abbott, Attorney General of Texas (Apr. 30, 2008) (on file with the Opinion Committee, *also available at* www.texasattorneygeneral.gov) [hereinafter Request Letter].

[2]Letter from Janet Little Horton, Bracewell & Giuliani, on behalf of the District, to Robert Scott, Commissioner of Education, Texas Education Agency (Apr. 14, 2008) (attached to Request Letter, *supra* note 1) [hereinafter District Letter].

Family and Protective Services"). Section 42.041(b) excepts certain facilities from this licensing requirement, including:

> (6)    a facility licensed, operated, certified, or registered by another state agency;
>
> (7)    subject to Subsection (b-1) [pertaining to an educational facility that operates in a county with a population of less than 25,000[3]], an educational facility that is accredited by the Texas Education Agency, the Southern Association of Colleges and Schools, or an accreditation body that is a member of the Texas Private School Accreditation Commission and that operates primarily for educational purposes in grades kindergarten and above . . . .

*Id.* § 42.042(b)(6)–(7) (footnote added).

Section 745.119, title 40 of the Texas Administrative Code lists the types of educational facilities that are exempt from the licensing requirement. *See* 40 TEX. ADMIN. CODE § 745.119 (2008) (Tex. Dep't of Family & Protective Servs., What educational facilities are exempt from Licensing regulation?). Subsection (1), to which the District particularly refers, exempts an accredited educational facility[4] for grades pre-kindergarten and above if the following criteria are met:

> (A)    The educational facility operates primarily for educational purposes;
>
> (B)    The educational facility operates the program;
>
> (C)    All children in the program are at least pre-kindergarten age; and

---

[3]The District is located largely "inside the city limits of Houston, [but] it also includes the incorporated villages of Bunker Hill, Hedwig, Hilshire, Hunters Creek, Piney Point and Spring Valley." SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, DISTRICT INFORMATION, *available at* http://www.springbranchisd.com/ schools/maps/mainmap.htm (last visited Oct. 31, 2008). It does not operate in a county with a population less than 25,000. *See* UNITED STATES DEPARTMENT OF COMMERCE, U.S. CENSUS BUREAU, 2000 CENSUS OF POPULATION, STATE & COUNTY QUICKFACTS, *at* http://quickfacts.census.gov/qfd/states/48/48201.html (Harris County population: 3,400,578) (last visited Oct. 31, 2008).

[4]We presume for purposes of this opinion that both the District and Neighborhood Centers Inc. are educational facilities under section 745.119(1), title 40 of the Texas Administrative Code. *Cf.* TEX. HUM. RES. CODE ANN. § 42.002(3) (Vernon Supp. 2008) (defining "child-care facility" to mean "a facility licensed, certified, or registered by the department to provide assessment, care, training, education, custody, treatment, or supervision for a child who is not related by blood, marriage, or adoption to the owner or operator of the facility, for all or part of the 24-hour day"); *id.* § 42.002(13) (defining "facilities" to include child-care facilities and child-placing agencies).

> (D)   The Texas Education Agency . . . , the Southern Association of Colleges . . . and Schools . . . , or the Texas Private School Accreditation Commission . . . accredits the educational facility.

*Id.* § 745.119(1).

In this case, the District and the Department disagree about whether the program is operated, for purposes of section 745.119(1)(B), by the District or by a Head Start agency, Neighborhood Centers Inc.[5] The District urges, for example, that it "operates the program" because the District

> (1) is responsible for compensating, hiring, supervising, evaluating and terminating the teachers, (2) employs the teachers who are solely responsible for the children in the collaborative classrooms [classrooms in which Neighborhood Centers Inc. collaborates with the District to provide supplemental services to children who are eligible for Head Start services], (3) provides the facilities where the children are educated, and (4) is responsible for the curriculum that the students are taught . . . .

District Letter, *supra* note 2, at 4.  The Department counters that the District

> is not the entity that operates the programs as Head Start facilities. . . . [Rather, Neighborhood Centers Inc.'s] responsibilities include ensuring that the facilities meet Head Start guidelines—including the enrollment of children in the Head Start program, the hiring and supervision of Head Start staff, and the proper conduct of background checks on Head Start employees.

Department Brief, *supra* note 5, at 2.

With respect to the question you raise, neither the applicable statutes nor the rules define the term "operate."[6] *See* TEX. HUM. RES. CODE ANN. § 42.002 (Vernon Supp. 2008) ("Definitions"); 40 TEX. ADMIN. CODE § 745.21 (2008) (Tex. Dep't of Family & Protective Servs., What do the

---

[5]*Compare* District Letter, *supra* note 2, at 3–4 (summarizing its reasons for concluding that the District operates the facility), *with* Brief from Gerry Williams, General Counsel, Texas Department of Family and Protective Services, to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General, at 2 (June 10, 2008) (summarizing its reasons for concluding that the Head Start agency operates the facility) [hereinafter Department Brief].

[6]Title 40, section 745.21(27) of the Texas Administrative Code defines the term "operation," but that definition is not helpful here. *See* 40 TEX. ADMIN. CODE § 745.21(27) (2008) (Dep't of Family & Protective Servs., What do the following words and terms mean when used in this chapter?). Under that definition, "[a]n operation includes the building and grounds where the program is offered, any person involved in providing the program, and any equipment used in providing the program. An operation [also] includes a child-care facility, child-placing agency, listed family home, or maternity home." *Id.*

following words and terms mean when used in this chapter?"). In the absence of a statutory or rule-based definition, we define the term consistently with its common meaning. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) ("Words . . . shall be read in context and construed according to the rules of grammar and common usage."). According to the San Antonio Court of Appeals, "in normal usage, 'operate' means 'to perform a function, or operation, or produce an effect.'" *Reddie v. State*, 736 S.W.2d 923, 926 (Tex. App.—San Antonio 1987, pet. ref'd) (quoting BLACK'S LAW DICTIONARY 984 (rev. 5th ed. 1979); citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1580–81 (G. & C. Merriam 1981) ("to cause to function usually by direct personal effort")).

Whether it is the District or Neighborhood Centers Inc.—or both—that, by its effort, causes the program in question to function—in other words, that operates the program such that the facility is exempt from or subject to the licensing requirement—is a question of fact that cannot be resolved in the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process."). Accordingly, we cannot answer your question. Rather, it is the Department that has the authority to make rules to carry out the provisions of Human Resources Code chapter 42 and to enforce those rules. TEX. HUM. RES. CODE ANN. § 42.042(a), (e) (Vernon Supp. 2008) (requiring the Department to make rules to carry out chapter 42 and minimum standards for licensed child-care facilities); *id.* §§ 42.0705, .072(a) (authorizing the Department to take disciplinary action against a licensee who violates chapter 42, a Department rule, or minimum standards adopted by the Department); *id.* § 42.078(a) (authorizing the Department to impose an administrative penalty against a facility that violates chapter 42 or a rule or order adopted under this chapter). Thus, the Department must determine the issue in the first instance. *Cf.* Tex. Att'y Gen. Op. No. H-104 (1973) at 4 (stating that determining whether a particular child-care provider is a bona fide educational institution exempt from child-care facility licensing requirements is a question of fact that must be determined by the State Department of Public Welfare (the Department's predecessor)).

## S U M M A R Y

Whether the Spring Branch Independent School District or a Head Start agency, or both, "operates" a particular program for the purposes of section 745.119(1), title 40 of the Texas Administrative Code is a question of fact for the Department of Family and Protective Services to determine in the first instance.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee